

1  Ryan Lee, Esq. (SBN 235879)
   Krohn & Moss, Ltd.
2  10474 Santa Monica Blvd., Suite 401
   Los Angeles, CA 90025
3  T: (323) 988-2400; F: (866) 861-1390
   rlee@consumerlawcenter.com
4  Attorneys for Plaintiff,
   ROBERT A. STEPHENS
5

6              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
7                    WESTERN DIVISION

8  ROBERT A. STEPHENS,            )  Case No. CV10-9475 Jʳᵐ
                                  )
9          Plaintiff,             )  COMPLAINT AND DEMAND FOR
                                  )  JURY TRIAL
10     v.                         )
                                  )  (Unlawful Debt Collection Practices)
11 NCO FINANCIAL SYSTEMS, INC.,   )
                                  )
12         Defendant.             )
                                  )
13 ─────────────────────────────────

14                **VERIFIED COMPLAINT**

15     ROBERT A. STEPHENS (Plaintiff), by his attorneys, KROHN & MOSS,

16 LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC.,

17 (Defendant):

18                  **INTRODUCTION**

19 1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection

20    Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

21 2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt

22    Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

23               **JURISDICTION AND VENUE**

24 3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states

25    that such actions may be brought and heard before "any appropriate United

                          - 1 -

                   PLAINTIFF'S COMPLAINT

States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant does business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a company with its headquarters in Cleveland, Ohio.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant placed up to six (6) collection calls everyday to Plaintiff.

13. Defendant placed collection calls to Plaintiff from unknown telephone

numbers.

14. Defendant placed multiple collection calls to Plaintiff's parents despite Plaintiff's parent's informing Defendant that Plaintiff does not reside with them.

15. Defendant disclosed the existence of the alleged debt to Plaintiff's father.

16. Defendant threatened to file a lawsuit against Plaintiff. To date, no lawsuit has been filed.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

18. Defendant violated *§1692b(2)* of the FDCPA by contacting a third party and stating that the consumer owes any debt.

19. Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once, unless requested to do so.

20. Defendant violated *§1692c(B)* of the FDCPA by communicating with anyone except consumer, consumer's attorney, or credit bureau concerning the debt.

21. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

22. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

23. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls

without disclosing his/her identity.

24. Defendant violated *§1692e* of the FDCPA by false, deceptive, or misleading representation or means in connection with the debt collection.

25. Defendant violated *§1692e(5)* of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

26. Defendant violated *§1692e(10)* of the FDCPA by any false representation or deceptive means to collect a debt or obtain information about a consumer.

WHEREFORE, Plaintiff, ROBERT A. STEPHENS requests that judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

27. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

29. Any other relief that this Honorable Court deems appropriate.

## COUNT II

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

30. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

31. Defendant violated the RFDCPA based on the following:

    a.    Defendant violated *§1788.11(b)* of the RFDCPA by placing

- 4 -

telephone calls without disclosure of the caller's identity.

b.      Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

c.      Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

d.      Defendant violated *§1788.12(b)* of the RFDCPA by communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse.

e.      Defendant violated *§1788.13(j)* of the RFDCPA by the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.

f.      Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

32. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

33. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

34. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT A. STEPHENS, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1

2                                              RESPECTFULLY SUBMITTED,

3          DATED:  November 24, 2010            KROHN & MOSS, LTD.

4

5                                        By:
                                               Ryan Lee
6                                              Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 6 -

*Attn: Vivek Tandon*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, ROBERT A. STEPHENS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT A. STEPHENS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11/12/10

ROBERT    A.    STEPHENS

- 7 -

PLAINTIFF'S COMPLAINT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. STEPHENS | CASE NUMBER |
| PLAINTIFF(S) | CV10-9475 JEM |
| v. | |
| NCO FINANCIAL SYSTEMS, INC. | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):  NCO FINANCIAL SYSTEMS, INC.

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Ryan Lee, Esq. _____, whose address is  Krohn & Moss, Ltd.; 10474 Santa Monica Blvd., Suite 401; Los Angeles, CA 90025  . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   12-10-10

By: **TANYA DURANT**

Deputy Clerk

*(Seal of the Court)*                1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*